UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| STEPHANIE FAVORITE, individually and as Personal Representative of the Estate of Guy Favorite, IV, | ) ) ) ) ) ) | Cause No.: |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| ALEKSANDAR SAKOVSKI, deceased, | ) ) | |
| and | ) ) | |
| BB WOLF, INC.<br>Serve Milos Zugic at:<br>13769 Main Street<br>Lemont, IL 60439 | ) ) ) ) ) | |
| and | ) ) | |
| SYFAN LOGISTICS, INC<br>Serve Randall Frost at:<br>200 Main Street<br>Suite 600<br>Gainesville, GA 30501 | ) ) ) ) ) ) | |
| and | ) ) | |
| COMPASS TRUCK RENTAL AND LEASING, LLC<br>Serve Arleesia McDonald at:<br>15W580 N. Frontage Road<br>Burr Ridge, IL 60527 | ) ) ) ) ) ) | |
| Defendants. | ) | **JURY TRIAL DEMANDED** |

COMPLAINT AT LAW

The Plaintiffs, Stephanie Favorite, individually and as Personal Representative of the Estate of Guy Favorite, IV, deceased, by and through their attorney, Ryan R. Cox, in complaining of the Defendants, Aleksander Sakovski, deceased, BB Wolf, Inc., Syfan

1

Logistics, Inc., and Compass Truck Rental and Leasing, LLC state as follows:

JURISDICTION

1. Under 28 U.S.C. § 1332(a), this Court has subject matter jurisdiction over this matter, as the amount in controversy exceeds $75,000 exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

VENUE

2. Under 28 U.S.C. § 1391(b), venue is proper in the Northern District of Illinois, as all defendants are considered residents of the northern district of Illinois in that all defendants are subject to this court's personal jurisdiction and the northern district is a judicial district in which defendants Aleksander Sakovski, deceased, BB Wolf, Inc., and Compass Truck Rental and Leasing, LLC reside.

GENERAL ALLEGATIONS

3. The Plaintiff, Stephanie Favorite, is decedent Guy Favorite IV's surviving wife. She brings this cause of action as decedent's surviving spouse and on behalf of decedent's next of kin under 740 ILCS 180/2, having been appointed Personal Representative of the Estate of Guy Favorite, IV in the county of St. Charles, Missouri.

4. That Guy Favorite, IV is survived by two natural children, Caleb Favorite and Nicholas Favorite, both minors, as his next of kin. Both minors are residents of the County of St. Charles, Missouri.

5. That Plaintiff Stephanie Favorite is a resident of the County of St. Charles, Missouri.

6. That decedent Guy Favorite, IV was a resident of the County of St. Charles, Missouri, at the time of his death.

7. That Defendant Aleksander Sakovski (hereinafter "Sakovski"), deceased, was at all times herein an interstate commercial truck driver employed by Defendant BB Wolf, Inc. with his primary residency in the County of Cook, Illinois.

8. That Defendant BB Wolf, Inc. (hereinafter "BB Wolf") is an Illinois corporation in good standing doing business throughout the United States, including the northern district of Illinois, with its principal place of business in the northern district of Illinois and at all times mentioned herein was authorized to operate commercial vehicles on the interstate highways. Accordingly, Defendant BB Wolf is subject to the Department of Transportation rules and regulations regarding the operation of commercial motor vehicles on and about the highways of the state of Illinois.

9. That Defendant Syfan Logistics, Inc. (hereinafter "Syfan") is a Georgia corporation in good standing doing business throughout the United States, including the northern district of Illinois.

10. That Defendant Compass Truck Rental and Leasing, LLC (hereinafter "Compass Truck") is an Illinois corporation in good standing doing business throughout the United States, including the northern district of Illinois, with its principal place of business in the northern district of Illinois.

11. That on September 19, 2018, defendant Sakovski was operating under the course and scope of his employment with defendant BB Wolf, a 2016 Freightliner Cascadia tractor owned and maintained by defendant Compass Truck and leased to defendant BB Wolf.

12. That said 2016 Freightliner Cascadia was pulling a 2019 Hyundai trailer bearing Illinois registration 646650ST with VIN 3AKGGEDV1GDHC4852. The owner of this

trailer is currently unknown.

13. That defendant Syfan had selected defendant BB Wolf to transport a load of auto parts on said tractor-trailer at the time of the subject collision.

14. That on September 19, 2018 defendant Sakovski was operating said tractor-trailer northbound on Interstate 39 in McLean County, Illinois.

15. That on September 19, 2018, decedent Guy Favorite, IV was operating a 2016 Freightliner southbound on Interstate 39 in McLean County, Illinois.

16. That defendant Sakovski, during the course and scope of his employment with BB Wolf, lost control of said truck and trailer, crossed the median separating north and south bound traffic on Interstate 39, and crashed into decedent Guy Favorite's tractor, causing an explosion and fire. Both Sakovski and Favorite died in Illinois on September 19, 2018 due to injuries sustained in this wreck.

## COUNT I — WRONGFUL DEATH — NEGLIGENCE
(Aleksandar Sakovski)

17. The Plaintiff repeats and realleges Paragraphs 1 – 16 of the General Allegations of this complaint as though fully set forth herein.

18. It was the duty of defendant Sakovski to exercise the highest degree of care under the circumstances to protect the safety of Plaintiffs and others lawfully on the roadway; yet, notwithstanding that duty, the defendant, acting within the course and scope of his employment for Defendant BB Wolf:

(a) negligently, carelessly, and improperly operated a vehicle at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, in violation of 625 ILCS 5/11-601;

(b) negligently, carelessly, and improperly operated a vehicle outside of designated

4

traffic lanes, in violation of 625 ILCS 5/11-709;

(c) negligently, carelessly, and improperly operated a vehicle on the wrong side of the road, in violation of 625 ILCS 5/11-701;

(d) negligently, carelessly, and improperly failed to yield the right of way to Plaintiff's vehicle, in violation of 625 ILCS 5-11-902;

(e) negligently, carelessly, and improperly operated a vehicle with a willful and wanton disregard for the safety of others, in violation of 625 ILCS 5/11-503; and

(f) negligently, carelessly, and improperly operated a commercial motor vehicle while impaired by fatigue or other cause, in violation of 49 CFR § 392.3.

19. As a direct and proximate result of one or more of the aforementioned acts or omissions of the defendant, the Plaintiff's decedent suffered serious injuries that resulted in his death. As a result, the next of kin of the decedent have suffered great losses of a personal and pecuniary nature, including the loss of companionship and society of the decedent, as well as grief, sorrow, and mental suffering, subjecting the defendant to liability pursuant to 740 ILCS 180/1, et seq., commonly referred to as the Illinois Wrongful Death Act.

WHEREFORE, it is respectfully requested that judgment be entered in favor of the Plaintiffs against the defendant, in an amount necessary to fully and fairly compensate Plaintiff Favorite and the next of kin for their losses under the terms of the Wrongful Death Act, which substantially exceed the minimum jurisdictional amount, together with an award of punitive damages for willful and wanton disregard for the safety of others.

COUNT II — SURVIVAL — NEGLIGENCE
(Aleksandar Sakovski)

20. The Plaintiffs repeat and reallege Paragraphs 1 – 16 of the General Allegations of

this complaint as though fully set forth herein.

21. As a direct and proximate result of one or more of the aforementioned acts or omissions of the Defendant, the Plaintiff's decedent suffered serious injuries of a personal and pecuniary nature, including, but not limited to, great pain and suffering before his death and medical expenses, subjecting the Defendant to liability pursuant to 755 ILCS 5/27-6, commonly referred to as the Illinois Survival Statute.

WHEREFORE, it is respectfully requested that judgment be entered in favor of the Plaintiffs against the Defendant, in an amount necessary to fully and fairly compensate the estate for all losses compensable under the terms of the Survival Statute.

## COUNT III — FAMILY EXPENSE — NEGLIGENCE
### (Aleksandar Sakovski)

22. The Plaintiffs repeat and reallege Paragraphs 1 – 16 of the General Allegations of this complaint as though fully set forth herein.

23. As a direct and proximate result of one or more of the aforementioned acts or omissions of the Defendant, the Plaintiffs sustained losses in the form of medical, funeral, and burial expenses.

WHEREFORE, it is respectfully requested that judgment be entered in favor of the Plaintiffs against the defendant, in an amount necessary to fully and fairly compensate the Plaintiffs for all losses compensable under the terms of the family expense statute under the Rights of Married Persons Act, 750 ILCS 65/15, and Illinois common law.

## COUNT IV — WRONGFUL DEATH — NEGLIGENCE
### (BB Wolf, Inc.)

24. The Plaintiffs repeat and reallege Paragraphs 1 – 16 of the General Allegations of this complaint as though fully set forth herein.

25. It was the duty of the defendant BB Wolf, by and through its employee, Sakovski, to exercise the highest degree of care under the circumstances to protect the safety of Plaintiffs and others lawfully on the roadway; yet, notwithstanding that duty, the defendant, by and through its employee, Sakovski, who was acting within the course and scope of his employment for Defendant BB Wolf:

(a) negligently, carelessly, and improperly operated a vehicle at a speed which was greater than reasonable and proper with regard to traffic conditions and the use of the highway, in violation of 625 ILCS 5/11-601;

(b) negligently, carelessly, and improperly operated a vehicle outside of designated traffic lanes, in violation of 625 ILCS 5/11-709;

(c) negligently, carelessly, and improperly operated a vehicle on the wrong side of the road, in violation of 625 ILCS 5/11-701;

(d) negligently, carelessly, and improperly failed to yield the right of way to Plaintiff's vehicle, in violation of 625 ILCS 5-11-902;

(e) negligently, carelessly, and improperly operated a vehicle with a willful and wanton disregard for the safety of others, in violation of 625 ILCS 5/11-503; and

(f) negligently, carelessly, and improperly operated a commercial motor vehicle while impaired by fatigue or other cause, in violation of 49 CFR § 392.3.

26. As a direct and proximate result of one or more of the aforementioned acts or omissions of the defendant, by and through its employee, Sakovski, the Plaintiffs' decedent suffered serious injuries that resulted in his death. As a result, the next of kin of the decedent have suffered great losses of a personal and pecuniary nature, including the loss of companionship and society of the decedent, as well as grief, sorrow, and mental

suffering, subjecting the Defendant to liability pursuant to 740 ILCS 180/1, et seq., commonly referred to as the Illinois Wrongful Death Act.

WHEREFORE, it is respectfully requested that judgment be entered in favor of the Plaintiffs against the Defendant, in an amount necessary to fully and fairly compensate Plaintiffs for their losses under the terms of the Wrongful Death Act, which substantially exceed the minimum jurisdictional amount, together with an award of punitive damages for willful and wanton disregard for the safety of others.

### COUNT V — SURVIVAL — NEGLIGENCE
### (BB Wolf, Inc.)

27. The Plaintiffs repeat and reallege Paragraphs 1 – 16 of the General Allegations of this complaint as though fully set forth herein.

28. As a direct and proximate result of one or more of the aforementioned acts or omissions of the defendant, the Plaintiff's decedent suffered serious injuries of a personal and pecuniary nature, including, but not limited to, great pain and suffering before his death and medical expenses, subjecting the defendant to liability pursuant to 755 ILCS 5/27-6, commonly referred to as the Illinois Survival Statute.

WHEREFORE, it is respectfully requested that judgment be entered in favor of the Plaintiffs against the defendant, in an amount necessary to fully and fairly compensate the estate for all losses compensable under the terms of the Survival Statute.

### COUNT VI— FAMILY EXPENSE — NEGLIGENCE
### (BB Wolf, Inc.)

29. The Plaintiffs repeat and reallege Paragraphs 1 – 16 of the General Allegations of this complaint as though fully set forth herein.

30. As a direct and proximate result of one or more of the aforementioned acts or

omissions of the Defendant, the Plaintiffs sustained losses in the form of medical, funeral, and burial expenses.

WHEREFORE, it is respectfully requested that judgment be entered in favor of the Plaintiffs against the defendant, in an amount necessary to fully and fairly compensate the Plaintiffs for all losses compensable under the terms of the family expense statute under the Rights of Married Persons Act, 750 ILCS 65/15, and Illinois common law.

### COUNT VII — NEGLIGENT HIRING/WRONGFUL DEATH
(Syfan Logistics, Inc.)

31. The Plaintiffs repeat and reallege Paragraphs 1 – 16 of the General Allegations of this complaint as though fully set forth herein.

32. That at all times mentioned herein, defendant Syfan was the broker of the load transported by defendant BB Wolf on September 19, 2018.

33. That defendant Syfan selected defendants Sakovski and BB Wolf to transport said load at the time of the subject collision.

34. That at all times relevant herein, defendant Syfan knew or should have known that defendants Sakovski and/or BB Wolf were incompetent and unqualified to transport said load in that defendant BB Wolf had a poor safety record and employed unqualified and poorly trained commercial truck drivers, including defendant Sakovski.

35. That such unfitness was known or should have been known at the time said defendants were hired and/or retained.

36. That said negligence of defendant Syfan concurred with the negligence of defendants Sakovski and BB Wolf to cause Plaintiffs' decedent's death on September 19, 2018.

37. As a direct and proximate result of one or more of the aforementioned acts or omissions of defendant Syfan the Plaintiffs' decedent suffered serious injuries that resulted in his death. As a result, the next of kin of the decedent have suffered great losses of a personal and pecuniary nature, including the loss of companionship and society of the decedent, as well as grief, sorrow, and mental suffering, subjecting the defendant to liability pursuant to 740 ILCS 180/1, et seq., commonly referred to as the Illinois Wrongful Death Act.

WHEREFORE, it is respectfully requested that judgment be entered in favor of the Plaintiffs against the Defendant, in an amount necessary to fully and fairly compensate Plaintiffs for their losses under the terms of the Wrongful Death Act, which substantially exceed the minimum jurisdictional amount, together with an award of punitive damages for willful and wanton disregard for the safety of others.

### COUNT VIII — NEGLIGENT ENTRUSTMENT/WRONGFUL DEATH
(Compass Truck Rental and Leasing, LLC)

38. The Plaintiffs repeat and reallege Paragraphs 1 – 16 of the General Allegations of this complaint as though fully set forth herein.

39. That at all times mentioned herein, defendant Compass Truck leased the 2016 Freightliner Cascadia tractor to defendants Sakovski and BB Wolf.

40. That defendant Compass Truck knew or should have known that defendants Sakovski and BB Wolf were likely to use said tractor in a manner involving an unreasonable risk of harm to decedent and others due to said defendants being incompetent and unqualified to operate and drive said tractor in that defendant BB Wolf had a poor safety record and employed unqualified and poorly trained commercial truck drivers, including defendant Sakovski.

41. That such incompetence was known or should have been known at the time said defendant Compass Truck entrusted said tractor to defendants.

42. That said negligence of defendant Compass Truck concurred with the negligence of defendants Sakovski and BB Wolf to cause Plaintiffs' decedent's death on September 19, 2018.

43. As a direct and proximate result of one or more of the aforementioned acts or omissions of defendant Compass Truck, the Plaintiffs' decedent suffered serious injuries that resulted in his death. As a result, the next of kin of the decedent have suffered great losses of a personal and pecuniary nature, including the loss of companionship and society of the decedent, as well as grief, sorrow, and mental suffering, subjecting the defendant to liability pursuant to 740 ILCS 180/1, et seq., commonly referred to as the Illinois Wrongful Death Act.

WHEREFORE, it is respectfully requested that judgment be entered in favor of the Plaintiffs against the Defendant, in an amount necessary to fully and fairly compensate Plaintiffs for their losses under the terms of the Wrongful Death Act, which substantially exceed the minimum jurisdictional amount, together with an award of punitive damages for willful and wanton disregard for the safety of others.

RYAN R. COX & ASSOCIATES, L.L.C.


By: \_\_\_/s\_RYAN R. COX_____
   RYAN R. COX         MO#52655
   320 N. Fifth Street
   St. Charles, MO 63301
   (636) 946-6886 PHONE
   (636) 947-7516 FAX
   rrc@rrcandassociates.com
   **Attorney for Plaintiffs**