UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEPHANIE FAVORITE, individually and as Personal Representative of the Estate of Guy Favorite, IV, <br><br> Plaintiff, <br><br> v. <br><br> ALEKSANDAR SAKOVSKI, deceased, BB WOLF, INC., and COMPASS TRUCK RENTAL AND LEASING, LLC <br><br> Defendants. | No. 19 C 1597 <br><br> Judge Thomas M. Durkin |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Stephanie Favorite brings this action against Aleksandar Sakovski, BB Wolf, Inc., and Compass Truck Rental and Leasing following her husband's death in a tractor-trailer collision on Interstate 39 in McLean County, Illinois. Compass moved to dismiss the claim against it for negligent entrustment. For the following reasons, Compass's motion is denied.

**Legal Standard**

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-

1

harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

**Background**

In 2018, Guy Favorite IV and Aleksandar Sakovski were driving tractor trailers in opposite directions on Interstate 39 in McClean County, Illinois when Sakovski crossed the median and crashed into Favorite. R. 1 ¶¶ 14-16. Both Favorite and Sakovski died from injuries they sustained in the crash. *Id.* ¶ 16.

At the time of the accident, Sakovski was transporting a load of auto parts on behalf of his employer, BB Wolf. *Id.* ¶¶ 13, 16. The truck Sakovski was driving, a 2016 Freightliner Cascadia, had been leased to BB Wolf by Compass Truck Rental. *Id.* ¶ 11.

Stephanie Favorite brings this action against Sakovski, BB Wolf, and Compass for her husband's death.[1] Count VIII of the complaint is against Compass for negligent entrustment. Favorite alleges that Compass knew or should have known that leasing the truck to BB Wolf presented an unreasonable risk of harm to Favorite and others because BB Wolf had a poor safety record and employed unqualified and inadequately trained commercial truck drivers, including Sakovski. *Id.* ¶ 40. Compass moved to dismiss Favorite's negligent entrustment claim.

## Analysis

I. Compass's Late Filing

Favorite argues that the Court should deny the motion to dismiss because Compass missed the filing deadline. A district court "has the discretion to permit the defendants to file their answer late 'when the failure to act was the result of excusable neglect.'" *Lewis v. School Dist. #70*, 523 F.3d 730, 740 (7th Cir. 2008) (quoting Fed. R. Civ. P. 6(b)). The determination of excusable neglect is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Id.* (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395 (1993)). The factors to consider include "the danger of prejudice, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, and whether the movant had acted in good faith." *Id.*

---

[1] Favorite also named Syfan Logisitics, Inc as a defendant. Favorite later filed an amended complaint dismissing Syfan without prejudice. R. 33.

Compass filed its motion to dismiss 12 days after the deadline. At the May status hearing, Compass provided no reasons for its tardiness other than that it was one of the first parties served in the lawsuit. That is not a good reason for delay and weighs against considering its motion. Nevertheless, the delay resulted in minimal impact on the judicial proceedings, and there is no reason to believe that Favorite has been prejudiced or that Compass acted in bad faith. As such, the Court will consider Compass's motion on the merits. *See Peoria Tazewell Pathology Grp., S.C. v. Messmore*, 2011 WL 4498937, at *2 (N.D. Ill. Sept. 23, 2011) ("[T]o disregard Defendants' Motion to Dismiss in its entirety as a penalty for not filing it before the date the answer was due (six days earlier) would not serve the interests of justice.").

II. Merits

a) Graves Amendment

Compass first argues that the Graves Amendment bars Favorite's claim to the extent she alleges Compass is vicariously liable for the collision. The Graves Amendment provides that:

> An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle (or an affiliate of the owner), for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease, if—
>
> > (1) the owner (or an affiliate of the owner) is engaged in the trade or business of renting or leasing motor vehicles; and
> >
> > (2) there is no negligence or criminal wrongdoing on the part of the owner (or an affiliate of the owner).

4

49 U.S.C. § 30106(a). The parties agree that Compass is in the business of leasing motor vehicles. But by its plain terms, the Graves Amendment only applies if "there is no negligence . . . on the part of the owner." The Graves Amendment does not bar Favorite's claim because she alleges that Compass was negligent for leasing the truck to BB Wolf. *See Johnke v. Espinal-Quiroz*, 2016 WL 454333, at *5 (N.D. Ill. Feb. 5, 2016) (dismissing vicarious liability claims but not direct negligence claims under the Graves Amendment).

b) Failure to State a Claim

Compass next contends that Favorite failed to state a claim for negligent entrustment. To state a negligent entrustment claim, a plaintiff must allege that the defendant "gave another express or implied permission to use or possess a dangerous article or instrumentality which [defendant] knew, or should have known, would likely be used in a manner involving an unreasonable risk of harm to others." *Evans v. Shannon*, 776 N.E.2d 1184, 1190 (Ill. 2002). The two primary considerations in negligent entrustment cases involving automobiles are: "(1) whether the owner of the vehicle entrusted the car to an incompetent or unfit driver, and (2) whether the incompetency was a proximate cause of a plaintiff's injury." *Id*.

While the motion to dismiss is not entirely clear, Compass first appears to argue that it did not entrust the truck to Sakovski because the lease does not include his name.[2] But this ignores that entrustment may be given by either express or

---

[2] Compass attached the lease agreement for the truck to its motion to dismiss. A court may consider "documents attached to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to his claim." *Brownmark*

5

implied permission. Implied permission "can be inferred from a course of conduct of the parties, their relationship, or from the behavior of the parties in specific circumstances." *Bishop v. Morich*, 621 N.E.2d 43, 46 (Ill. App. Ct. 1993). This includes "a mutual acquiescence or lack of objection under circumstances signifying permission." *Watson v. Enter. Leasing Co.*, 757 N.E.2d 604, 610 (Ill. App. Ct. 2001) (quoting *Rainey By and Through Rainey v. Pitera By and Through Pitera*, 651 N.E.2d 747, 749 (Ill. App. Ct. 1995)). While the lease does not name Sakovski individually, it specifically permits BB Wolf's drivers to drive the truck. And even if it did not, it would be nonsensical to conclude that Compass leased the truck to BB Wolf without giving its drivers implied permission to use it in the scope of their employment. Compass's argument thus fails.

Compass next contends that Favorite did not allege Compass knew, or should have known, that Sakovski was an incompetent driver. In so arguing, Compass again points to the lease, which provides that the truck "will not be operated by any person other than Lessee or Lessee's agents or employees, each of whom Lessee warrants to be a careful, dependable operator having a currently valid license." R. 10 at 2. But Favorite alleges that Compass knew, or should have known, that BB Wolf had a "poor safety record" and "employed unqualified and poorly trained commercial truck drivers, including defendant Sakovski." R. 1 ¶ 40. And it is plausible that Compass leased the truck to BB Wolf despite the red-flags surrounding Sakovski and the other

---

*Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (alteration in original). The complaint references the lease and Favorite does not object to its consideration as central to her claim. The Court thus will consider the lease here.

6

drivers. *See Evans*, 776 N.E.2d at 1190 (holding evidence was insufficient to support finding of negligent entrustment but analyzing whether defendant knew, or had reason to know, that any of the company's drivers were unlicensed, incompetent, or reckless). At this stage, Favorite gets the benefit of the doubt. She has alleged enough facts to support a claim that Compass was, or should have been, aware of Sakovski's incompetence.

Compass next focuses on the second prong of the negligent entrustment claim, arguing that Favorite did not plausibly allege that Sakovski's incompetence proximately caused the accident. Proximate cause "consists of two distinct elements: cause in fact and legal cause." *Id.* (citing *First Springfield Bank & Trust v. Galman*, 720 N.E.2d 1068, 1072 (Ill. 1999)). Legal cause "is essentially a question of foreseeability." *First Springfield Bank*, 720 N.E.2d at 1072. The relevant inquiry is "whether the injury is of a type that a reasonable person would see as a likely result of his or her conduct." *Id.* In negligent entrustment actions, "the alleged incompetence of the driver must be a proximate cause of the negligent act that caused the injury, and the entrustor is liable, but only if his conduct is the legal cause of the complained of bodily harm." *Watson*, 757 N.E.2d at 610 (citations omitted).

Compass argues that the complaint contains no facts to establish Sakovski's negligence caused the collision. But this ignores the allegations that Sakovski was driving too fast, lost control of the truck, and crossed over the median before crashing into Favorite. That is enough to allege negligence. Moreover, it is reasonable to infer that Sakovski's actions were due to his inexperience or recklessness. And if Compass

leased the truck to BB Wolf knowing its drivers – including Sakovski – were poorly trained and unqualified, an accident in which Sakovski lost control of the vehicle was foreseeable. Compass counters that BB Wolf's poor safety record may relate to parking violations and have nothing to do with highway driving, and thus the accident was not foreseeable. That may be so. And if it is, discovery will bear it out. But proximate cause is generally a question for the trier of fact. *First Springfield Bank*, 720 N.E.2d at 1071. And this is not a case in which the alleged facts clearly establish there was no legal causation. *See Watson*, 757 N.E.2d at 612-13 (granting summary judgment for rental car company because it was not foreseeable that someone would take the rental vehicle from the renter, and then a third person would take it from the second person and get into an accident). At this stage, Favorite need only plead enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. She has done so here.

## Conclusion

For the reasons stated above, the Court denies Compass's motion to dismiss Count VIII [9].

ENTERED:

*Thomas M Durkin*

_____

Honorable Thomas M. Durkin
United States District Judge

Dated: August 16, 2019

8